O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS COLOMA and BARBARA COLOMA, | ) Case No. CV 14-06440 DDP (ASx) ) |
| Plaintiff, | ) **ORDER GRANTING DEFENDANT'S MOTION** ) **TO DISMISS** |
| v. | ) [Dkt. No. 8] ) |
| U.S. BANCORP, a Delaware corporation, | ) ) ) |
| Defendant. | ) |

Presently before the Court is Defendant's motion to dismiss Plaintiffs' complaint, alleging negligence and other torts in connection with loan modification services, in its entirety for failure to state a claim.

**I. BACKGROUND**

Plaintiffs have purchased and reside at a property in Norwalk, California. (Compl. ¶¶ 1, 15.) They purchased the property by means of a loan secured by a deed of trust on the property. (Id. at ¶ 15.) That loan and the interest in the deed of trust were subsequently transferred to Defendant. (Id. at 16; Ex. B, Def.'s Req. Judicial Notice.)

1    Plaintiffs allege that in early 2013, experiencing "financial
2 difficulties," they applied to Defendant for a loan modification,
3 based on Defendant's advertising that such modifications were
4 available for customers "with financial hardships." (Compl. ¶¶ 17-
5 18.) They further allege that Defendant took four months to
6 process the application, giving them no information as to its
7 status during that time, and ultimately denied the application
8 without explanation. (Id. at ¶ 19.)
9    Plaintiffs allege they then submitted a second application in
10 February 2014, attempting to take advantage of the federal Home
11 Affordable Modification Program ("HAMP"). (Id. at ¶¶ 18, 20.)
12 This application was also denied, albeit with a written explanation
13 suggesting that Plaintiffs' loan could not be modified because it
14 did not meet HAMP requirements. (Id. at ¶ 20.)
15    Plaintiffs, however, argue that "this denial was in error."
16 Id. Consequently, they have filed this suit, alleging negligence,
17 breach of the covenant of good faith and fair dealing, unfair
18 business practices, and intentional infliction of emotional
19 distress (IIED). Plaintiffs also ask for a declaratory judgment
20 that (1) clarifies the rights and responsibilities of each party in
21 connection with the loan note and the deed of trust, and (2)
22 clarifies the rights of each party in the property that is the
23 subject of the deed of trust. (Id. at ¶¶ 63-64.)
24    Defendant moves to dismiss the complaint in its entirety.
25 **II. LEGAL STANDARD**
26    A complaint may be dismissed under Rule 12(b)(6) only if it
27 "either (1) lacks a cognizable legal theory or (2) fails to allege
28 sufficient facts to support a cognizable legal theory." Somers v.

2

1 Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  "All allegations
2 of material fact in the complaint are taken as true and construed
3 in the light most favorable to the plaintiff."  Williams v. Gerber
4 Products Co., 552 F.3d 934, 937 (9th Cir. 2008).  "When there are
5 well-pleaded factual allegations, a court should assume their
6 veracity and then determine whether they plausibly give rise to an
7 entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 679
8 (2009).

**III. DISCUSSION**

*A. Second Through Fifth Causes of Action*

As an initial matter, Plaintiffs do not oppose the motion as to the second through fifth causes of action.  Because Defendant's arguments with regard to those causes of action have some merit and Plaintiffs do not oppose, the Court grants the motion to dismiss with regard to each of those claims and does not discuss them further.

*B. First Cause of Action: Negligence*

In order to establish negligence under California law, "a plaintiff must prove duty, breach, causation and damages."  Ortega v. Kmart Corp., 26 Cal. 4th 1200, 1205 (2001).  Defendant makes two arguments in support of dismissal: first, it had no legal duty of care to the Plaintiffs with regard to the loan modification application; and second, Plaintiffs do not allege any particular damages or injury resulting from the alleged negligence.

As to duty, the briefs show that courts are divided on whether lenders offering loan modifications are under a duty of care to their borrowers.  However, the Court declines to reach this complex

issue at this time, because Defendant's second argument, regarding damages, suffices to support the motion to dismiss.

Plaintiffs have not alleged damages with sufficient specificity to satisfy the Iqbal standard. Plaintiffs do allege that they have suffered "damages" as a result of Defendant's alleged negligence, "according to proof at trial." (Compl. ¶ 39.) While it is perfectly acceptable at the pleadings stage for a plaintiff to be unable to name the exact amount of damages incurred, he should nonetheless be able to state something more than a legal conclusion. Singh v. U.S. Dep't of Homeland Sec., No. 1:12-CV-00498-AWI, 2014 WL 67254, at *1, *10 (E.D. Cal. Jan. 8, 2014) ("Plaintiff's allegation that he has suffered 'special damages' is . . . a legal conclusion and not an actual allegation of damages sufficient to state a claim under Iqbal.").

Plaintiffs allege that they are "[j]ustifiably concerned with a *possible* foreclosure of their home," (Compl. ¶ 24 (emphasis added)), but they do not state facts showing that such a foreclosure is actually threatened by Defendant, rather than merely feared. They also allege that "mortgage servicers," presumably including Defendant, prefer not to modify loans, because they can charge additional fees when borrowers default. (Id. at ¶¶ 25-28.) However, they do not allege that they themselves have been charged such default fees.

Absent such allegations, the Complaint does not state sufficient facts to show the damages element of Plaintiff's negligence claim. Therefore, this claim must be dismissed.

Thus the Complaint as a whole is dismissed, and Defendant's motion granted. However, the Court dismisses without prejudice, in

case Plaintiffs wish to amend their Complaint.  The Court does not find that amendment would be futile.  "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  Here it is entirely possible that the Plaintiffs have suffered or are suffering actual damages which have simply not been stated with sufficient particularity in the Complaint.

**IV. CONCLUSION**

   Plaintiffs' Complaint is dismissed without prejudice.  Plaintiffs are granted leave to amend and have fourteen (14) days from the date of this order to file an amended complaint with the Court.

IT IS SO ORDERED.


Dated: September 19, 2014

DEAN D. PREGERSON
United States District Judge

5